IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09CV87-SRW |
| | ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

Plaintiff Sandra Robertson brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145

(11th Cir. 1991).  Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Cornelius, 936 F.2d at 1145.  Factual findings that are supported by substantial evidence must be upheld by the court.  The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  Davis, 985 F.2d at 531.  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed.  Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

A claimant who retains the residual functional capacity to perform her past relevant work – either as she actually performed that work or as it is generally performed in the national economy – is not disabled.  20 C.F.R. § 404.1520(f),[1] § 404.1560(b); SSR 82-61.  "To support a conclusion that the claimant is able to return to [her] past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of [her] impairments."  Battle v. Astrue, 243 Fed. Appx. 514, 522 (11th Cir. 2007)(citing Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir.1990)). The plaintiff bears the burden of establishing that she cannot perform her past relevant work.  However, the ALJ has an obligation to develop the record regarding the requirements of plaintiff's past relevant work. See Lucas, 908 F.2d at 1574 n.3;  Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987)(citing Nelms v. Bowen, 803 F.2d 1164 (11th Cir. 1986)).

---

[1] The court omits citations to the regulations applicable to Title XVI claims.

In this case, the ALJ found that plaintiff retains the residual functional capacity to perform a wide range of work activities at the light exertional level, with a number of specified limitations, one of which is a limitation to "occasional overhead reaching." (R. 26). Plaintiff's residual functional capacity as determined by the ALJ precludes her performance of her past relevant work as she actually performed it.[2]  The ALJ concluded, however, that plaintiff can perform "her past relevant work as a medical records clerk, as that job is generally performed in the national economy." (R. 30).  The ALJ took no testimony from a vocational expert; he relied, instead, on the requirements of the medical records clerk job set forth in the Dictionary of Occupational Titles ("DOT"), classification number 245.362-010. (R. 30-31).[3]  As the parties agree and as the ALJ acknowledged in his decision, the DOT indicates that the medical records clerk job, as it is generally performed in the national economy, requires frequent reaching. Plaintiff argues that – because of her limitation to occasional overhead reaching – the ALJ's finding that she can perform this job is not supported by substantial evidence.

---

[2] Plaintiff's only past relevant work was in a clerical position at a medical center, a job she held from 1989 through March 2005, her alleged onset date. (R. 75, 129). In her work history report, plaintiff reported having to lift boxes of files weighing up to twenty-five pounds; her RFC, however, is limited to the light exertional level. (R. 26, 76, 103). "Light work involves lifting no more than 20 pounds at a time[.]" 20 C.F.R. § 404.1567(b). At the administrative hearing, the ALJ asked plaintiff no questions regarding the functional demands of her past relevant work as she actually performed it, other than to confirm that the information she had previously provided on a background questionnaire was correct. (R. 127-28). Plaintiff's representative did not elicit testimony from the plaintiff regarding the specific functional demands of her past work, so the work information plaintiff provided in her work history report and adult disability report is the only evidence of record regarding the demands of that past work as plaintiff actually performed it. (See R. 75-76, 102-03).

[3] Based on the plaintiff's description of her work, the ALJ also considered the DOT's classifications for file clerk and data entry operator. (R. 30-31). His finding, however, is limited to the job of medical records clerk. The other file clerk and data entry operator jobs, like the medical records clerk job, require frequent reaching. See DOT Classifications 203.582-054, 206.367-014, and 206.387-034.

3

> Regarding this issue, the ALJ reasoned:
>
> The Administrative Law Judge acknowledges that the DOT description of the claimant's past relevant work as medical records clerk indicates that the job requires frequent reaching but the reaching described in the DOT job description is not limited to overhead reaching. The required reaching ability described in the DOT is defined as "extending the hands or arms in any direction," not specifically overhead. Dr. Vanderzyl only limited the claimant's overhead reaching and he placed no restrictions on her ability to reach in other directions, such as in front of her or to the sides. The claimant's past relevant work, as well as the related jobs of data entry operator and file clerk, require frequent reaching and all define reaching in the same manner. The Administrative Law Judge finds that, based on the claimant's description of her past relevant work as actually performed, and the definition of the requirements of her past relevant work by the DOT, the claimant's past relevant work, as generally performed in the national economy would require frequent reaching in all directions and that the claimant's ability to perform only occasional overhead reaching would not preclude her from frequently extending her hands and arms in any other direction, particularly in light of the fact that Dr. Vanderzyl placed no manipulative limitations on the claimant's activities and no limits on the claimant's ability to push/pull with her upper extremities.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of her past relevant work, the undersigned finds that the claimant has been capable of performing her past relevant work as a medical records clerk, as generally performed in the national economy, at all times during the relevant period under consideration.

(R. 31).

As the ALJ observes, the DOT defines "reaching" as "extending the hand(s) and arm(s) in any direction." *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"), Appendix C. The DOT does not answer the question of whether the medical records clerk job, as it is performed in the national economy, requires more than occasional reaching overhead. The ALJ's analysis does not actually reach that question, either, although it is implicit in his ultimate conclusion that plaintiff's RFC

4

does not preclude her performance of the job. The ALJ reasoned, from plaintiff's description of her past work, that the job – as it is generally performed in the national economy – would require "frequent reaching in *all* directions[.]" (R. 31)(emphasis added).[4] He then observed that her limitation regarding overhead reaching "would not preclude her from frequently extending her hands and arms in any other direction." (R. 31). The fact that plaintiff is not precluded from frequently reaching in directions other than overhead, even when coupled with the ALJ's conclusion that the job requires frequent reaching in "all directions,"[5] does not permit a reasonable inference that the job requires overhead reaching no more than occasionally.

The Commissioner argues that "a job requiring frequent reaching does not necessarily require more than occasional overhead reaching" and that "the DOT description for medical-record clerk does not indicate that this job predominantly involves overhead reaching rather than other types of reaching[.]" (Commissioner's brief, p. 9). The court does not disagree with either of these propositions. It is entirely possible that the job does not require reaching overhead more than occasionally. However, the problem is that the DOT simply does not address the issue of how much of the frequent reaching required by the job is *overhead* reaching. The ALJ's determination that overhead reaching is required no more than occasionally must be supported by evidence of record. As noted above, the ALJ has an

---

[4] Plaintiff indicates that she "did a lot of computer work and a lot of filing" and that she had to "reach" a total of four hours a day. (R. 102-03). Plaintiff's description of her work as she performed it, like the DOT description of the work as it is generally performed, does not quantify the amount of time plaintiff was required to reach in any particular direction.

[5] For purposes of this discussion, the court assumes that these two factual determinations are supported by substantial evidence.

obligation to develop the record regarding the requirements of plaintiff's past relevant work. See Lucas, 908 F.2d at 1574 n.3.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>
> Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work[.]
>
> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations.

SSR 82-62. The record in the present case does not include substantial evidentiary support for the ALJ's conclusion that the job of medical records clerk, as it is generally performed in the national economy, requires no more than occasional overhead reaching.[6]

## CONCLUSION

The ALJ's determination at step four that "[plaintiff's] past relevant work as a medical records clerk, as that job is generally performed in the national economy[,] . . . does not

---

[6] In Segovia v. Astrue, 226 Fed. Appx. 801, 804 (10th Cir. 2007)(unpublished opinion), on which the Commissioner relies, the claimant was limited to occasional overhead reaching and the jobs that the ALJ found she could perform required, according to the SCO, "frequent" reaching. The court noted, "The *SCO* does not separately classify overhead reaching. Thus, under the *SCO*, even a job requiring frequent reaching does not necessarily require more than occasional *overhead* reaching." Id. at 804. The ALJ in Segovia, however, had taken testimony from a vocational expert. In affirming the district court's judgment affirming the Commissioner's decision, the Tenth Circuit reasoned, "The VE was aware of Ms. Segovia's limitations on overhead reaching, and he testified both that she could perform the jobs he identified and that his opinion of the jobs open to her was consistent with the *DOT*'s specifications. . . . In sum, *the VE's testimony that Ms. Segovia could perform the jobs of ticket taker, usher, and cafeteria attendant constitutes substantial evidence supporting the Commissioner's decision to deny benefits.*" Id. (emphasis added). In the present case, in contrast, the ALJ chose to proceed without vocational expert testimony.

```
```

require the performance of work-related activities precluded by the claimant's residual functional capacity" (R. 30) is not supported by substantial evidence.[7]  The Commissioner's decision is, accordingly, due to be reversed.  A separate judgment will be entered.

Done, this 31st day of August, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[7] The ALJ made no alternative step five finding.  See R. 30-31.