IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09CV87-SRW |
| | ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In this Social Security appeal, the court entered judgment reversing the decision of the Commissioner and remanding this case for further administrative proceedings.  This action is presently before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc. # 20).  Under the EAJA, the court is required to award attorney's fees to the prevailing plaintiff in a Social Security appeal "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  The Commissioner objects to any award of fees, arguing that his position was "substantially justified."  (Doc. # 25).

"The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person' – i.e. when it has a reasonable basis in both law and fact." United States v. Douglas, 55 F.3d 584, 588 (11th Cir. 1995)

(quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The government bears the burden of showing that its position was substantially justified." U.S. v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997)(citation omitted); see also U.S. v. Aisenberg, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004)(observing that 28 U.S.C. § 2412(d) "also contains this burden of proof: the United States must show that its position was 'substantially justified or that special circumstances make an award unjust,' when defending an application for attorney's fees.").

The ALJ's determination that the job of medical records clerk, as performed in the national economy, does not require more than occasional overhead reaching was not supported by *any* evidence for that particular proposition and, accordingly, the ALJ's position was not substantially justified.  The court further finds that the Commissioner's litigation position – relying on a case which was clearly inapplicable because the ALJ had (unlike the ALJ in the present case) taken testimony from a VE which supported his conclusion – also lacked substantial justification.  There being no substantial justification for the government's position,[1] the plaintiff is entitled to an award of fees under the EAJA.

The plaintiff seeks fees in the amount of $4,009.00. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the

---

[1] The position which must be substantially justified to avoid an award of EAJA fees includes, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. 2412(d)(2)(D); see also Commissioner, I.N.S. v. Jean, 496 U.S. 154, 159 (1990)("position" of the United States "may encompass both the agency's prelitigation conduct and the Department of Justice's subsequent litigation positions"-0). The Commissioner has not established that his position was substantially justified at the hearing decision, the Appeals Council review or before this court; to carry his burden in opposing the present motion, he must demonstrate a reasonable basis in fact and law at all of these stages of the proceedings.

hourly rate.  The amount of fees plaintiff seeks is reasonable. Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (Doc. # 20) is GRANTED and the plaintiff is AWARDED fees in the amount of $4,009.00.

DONE, this 24th day of March, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE